TRACY v. BLONDIN.

Fraudulent Conveyances—Evidence—Parent and Child—Husband and Wife.

In judgment creditor's suit to set aside conveyances of debtor's summer home, through an intermediary, to his wife, conveyances *held*, valid in view of clear and uncontradicted testimony that after incurring of indebtedness son paid father full agreed and fair price, before rendition of judgments several years later although conveyances to mother by way of gift from son were not made until after rendition of judgments (3 Comp. Laws 1929, § 13392 *et seq.*).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 9, 1936. (Docket No. 25, Calendar No. 38,714.) Decided March 2, 1936.

Bill by Eva L. Tracy against Edward A. Blondin and wife to set aside alleged fraudulent conveyances of real estate. Bill dismissed. Plaintiff appeals. Affirmed.

*Charles E. Misner,* for plaintiff.

*David Anderson,* for defendants.

Wiest, J. Plaintiff holds two judgments, rendered in Illinois in April and May, 1931, against Edward A. Blondin, now deceased, and as such judgment creditor, after executions in Illinois were returned unsatisfied, filed the bill herein, under the fraudulent conveyance act (3 Comp. Laws 1929, § 13392 *et seq.*), to set aside a conveyance by the judgment debtor, through an intermediary, to his wife, in July, 1931, of a summer home in Van Buren county, this State.

The circuit judge found that long previous to the judgment, but after the indebtedness was incurred, a son of the grantor, by verbal agreement, purchased the property from his father at a price of $4,000, to be paid in sums as called for and the purchase price had been fully paid and the son had the deed run to his mother to provide her with a home.

Edward A. Blondin was an architect, living in Chicago, and a brother of plaintiff. He had a large apartment building, but about 1925 it became a liability by reason of the influx of colored persons and he found the summer home a luxury he could not afford to maintain and expressed the intention of selling it. His wife and children were fond of the place and his son agreed to purchase it.

In pursuance of that purchase the son Allen P. Blondin, by seven checks, paid his father $3,765, in 1926 and 1927, and in 1928, $235, the balance of the agreed price, in cash, but did not ask for a conveyance until July, 1931, and after the mentioned judgments against his father had been rendered. Following the agreed purchase the son exercised rights of ownership over the property, employed a caretaker and paid him $50 per month, up to the time of the hearing, as evidenced by checks introduced.

The record has been examined with care and we find no evidence of fraudulent intent in the transaction. It is true that the father was financially embarrassed and was owing the obligations, several years later reduced to judgment, but the evidence of the purchase, by the son, and payment of the full agreed and fair price for the property is so clearly shown and uncontradicted and the delay in obtaining the conveyance so natural under the circumstances and relationship as to rebut any surmise that it was an afterthought occasioned by plaintiff's judgments.

The conveyance, through the intermediary, to the wife was not a gratuitous act on the part of the debtor, for the full and fair consideration had been paid by the son and the commendable act of the son in having the title he was entitled to placed in his mother as a present of a home for her cannot be made to militate against the conveyance or afford any ground for holding that it was fraudulent.

The facts render review of authorities unnecessary.

The decree is affirmed, with costs against plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.